# Payment of Moving Expenses as Supplementation of a Government Officer's Salary

Private employer's payment of prospective federal officer's moving expenses does not constitute a supplementation of his federal salary in violation of 18 U.S.C. § 209, where the payment is contractually or routinely paid to departing employees, where the purpose of the payments is other than to compensate federal employment, and where the entitlement and amount of the payment do not favor federal employment.

While neither the prospective officer's continued affiliation with his private employer, nor its payment of his moving expenses, create an immediate or anticipated conflict of interest with his governmental duties, the Justice Department's Standards of Conduct might require that he disqualify himself from any official participation in a matter affecting his private employer's interests.

May 21, 1981

## MEMORANDUM OPINION FOR A PROSPECTIVE DEPARTMENT OF JUSTICE OFFICER

You have asked us to advise you concerning the propriety of the proposed payment of your moving expenses by your present employer, University X, in anticipation of your nomination, confirmation, and service as an officer of the Department of Justice. We understand that during your tenure as an officer of the Department you would be on a leave of absence from the University, and that the payment of your moving expenses would be made pursuant to the University's "Professional Development Program." You have provided us with the portions of the University handbook that describe this program, and by letter you have described your school's policy and practice in administering the program. In light of this information, upon which we have relied, we conclude that the proposed payment of moving expenses [1] is acceptable under 18 U.S.C. § 209 and under this Department's Standards of Conduct, 28 C.F.R. Part 45.

As you know, 18 U.S.C. § 209 prohibits a government employee from accepting "any salary, or any contribution to or supplementation of salary, as compensation for his services as an officer or employee of the executive branch." It is our view that the payment of moving expenses may constitute a supplementation of salary within the purview of § 209, if the payment is made "as compensation for" federal employ-

---

[1] We assume that the University's payment will not exceed your actual moving expenses and that it will be otherwise reasonable in amount.

ment. *Cf.* § 209(e). On the other hand, if the payment is made for past or future services to a private employer, without regard to the recipient's governmental duties, then it would not be prohibited by § 209. *See, e.g.,* 41 Op. Att'y Gen. 217 (1955). Since it is difficult to ascertain the true motivations behind any given payment, we generally discourage the acceptance of moving expenses from former employers. However, if it can be demonstrated that moving expenses are contractually or routinely paid by the private employer to departing employees, that the purpose of these payments is other than to compensate federal employment, and that the entitlement and amount of payment do not favor federal employment, then we will approve the payments under § 209. In our judgment, the proposed payment by University X meets these standards.

The University's Professional Development Program apparently was intended to serve in lieu of a university sabbatical program. It is clear both from the provisions of the plan, and from the traditional function of sabbaticals, that the primary purpose of such programs is to enhance the quality of service that the employee will render to the institution upon return from the leave. In this regard we note that University X's plan requires subsequent service, and provides for the evaluation of leave applications based upon their potential contribution to the goals and stature of the University. The materials you have provided also demonstrate to our satisfaction that University X's plan compensates faculty for moving expenses with some regularity, and that it is not designed or administered to favor federal employment over other forms of professional development leave. Your letter explains that your school's policy has been to pay the moving expenses of faculty on professional development leave whenever those expenses are not paid from another source. In addition, you have advised us in telephone conversations that the vast majority of the University faculty who have taken professional development leave have done so to undertake projects other than federal employment. In light of these representations and our understanding of the purpose of the plan, we conclude that the University's payment of your moving expenses would not be compensation for your federal employment in contravention of § 209.

In addition to the proscriptions of § 209, the Justice Department's Standards of Conduct require that employees avoid financial interests that create a conflict of interest with their governmental duties, 28 C.F.R. § 45.735-4. We are aware of not immediate or anticipated conflicts that would be created by your continued affiliation with University X or by its payment of your moving expenses. However, should any matter affecting the interests of University X come before you in your official capacity, you may be required to disqualify yourself from

any official participation in the matter. § 45.735–5. If such a situation arises, we will be available to advise you about it.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*
